# waIN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00159-MR
# [CRIMINAL CASE NO. 1:07-cr-00032-MR-4]

| | |
|---|---|
| DARIAN K. ROBINSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Petition for Writ of Audita Querela Pursuant to 28 U.S.C. § 1651" [Doc. 1] and Petitioner's "Motion for Appointment of Counsel" [Doc. 2]. For the reasons that follow, the Court dismisses the petition and denies Petitioner's motion for the appointment of counsel.

## I.  BACKGROUND

On July 9, 2007, Petitioner pleaded guilty in this Court to conspiracy to possess with intent to distribute cocaine base. [Criminal Case No. 1:07-cr-00032-MR-4 ("CR"), Doc. 79]. Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on December 28, 2009. [CR Doc. 199]. This Court denied Petitioner's motion with prejudice on the merits on December

28, 2010. [CR Doc. 201]. Petitioner filed a second motion to vacate pursuant to § 2255 on August 30, 2012 [CR Doc. 253], and the Court dismissed this motion as an unauthorized successive petition on January 16, 2013. [CR Doc. 260]. Petitioner filed a third motion to vacate on February 24, 2014 [CR Doc. 292], and the Court dismissed this motion as an unauthorized successive petition on June 9, 2014. [CR Doc. 302]. Petitioner filed the instant petition for writ of audita querela on June 16, 2017, in which he seeks relief under the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). In his petition, Petitioner argues that his sentence was enhanced pursuant to 21 U.S.C. § 851 because his prior conviction in the State of New Jersey was treated as a drug trafficking offense, but that Mathis shows this conclusion to be erroneous.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter

can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

"The common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2867 at 235 (1973)). Put another way, "a writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal quotation marks omitted). The authority of federal courts to recognize common law post-conviction remedies is found in the All Writs Act, 28 U.S.C. § 1651(a) (2016), which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." See United States v. Morgan, 346 U.S. 502, 506-10 (1954) (holding that § 1651(a) authorized the district court to entertain the defendant's motion pursuant to the common law writ of coram nobis).

While the writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(e), a number of circuits have recognized that the writ still may be available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (collecting cases). Section 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and, "[w]here a statute specifically addresses [a] particular issue ..., it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). Thus, prisoners may not resort to the All Writs Act when their challenges would otherwise be cognizable under § 2255 but for the statutory limits on collateral attacks. See United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494–95 (9th Cir. 2010); cf. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (stating that § 2255 is not inadequate or ineffective to test legality of detention merely because petitioner is unable to obtain relief under § 2255).

Here, the nature of the Petitioner's claim is one that would be cognizable under § 2255. That provision allows a prisoner to contest his sentence by claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

4

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ...." 28 U.S.C. § 2255(a).  Here, the Petitioner claims that, in light of Mathis, his sentence was improperly enhanced and his mandatory minimum sentence was unlawfully increased under 21 U.S.C. § 851 based on his prior New Jersey drug conviction.  While such an attack would not likely be successful, see Stewart v. United States, Nos. 5:14-CR-90-FL-1, 5:16-CV-432-FL, 2017 WL 3025867, at *8 (E.D.N.C. July 17, 2017) (noting that Mathis was not made retroactively applicable to cases on collateral review), such an issue is one that must be brought, if at all, pursuant to § 2255.  Accordingly, the writ of audita querela is not available to him as an alternative.  See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

To the extent that Petitioner's petition could be construed as a new motion to vacate under § 2255, the petition would still be subject to dismissal. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has previously filed three § 2255 petitions. Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this Court is without jurisdiction to consider Petitioner's petition under § 2255. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Petitioner also moves the Court for the appointment of counsel to represent him in this post-conviction proceeding. [Doc. 2]. Prisoners have no constitutional right to counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the

interests of justice so require and the petitioner is financially unable to obtain representation.  See 18 U.S.C. § 3006A(a)(2)(B).  In the instant case, however, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel.  See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).  Accordingly, Petitioner motion for the appointment of counsel is denied.

**IV. CONCLUSION**

For the reasons stated herein, this action is dismissed, and Petitioner's motion for the appointment of counsel is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Petition for Writ of Audita Querela [Doc. 1] is **DENIED** and **DISMISSED**;

(2) Petitioner's Motion for Appointment of Counsel [Doc. 2] is **DENIED AS MOOT**; and

(3) The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 1, 2017

Martin Reidinger
United States District Judge